O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7397 AHM (AJWx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | THOMAS v. AVIS BUDGET GROUP LLC | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:  Attorneys **NOT** Present for Defendants:

**Proceedings:** IN CHAMBERS (No Proceedings Held)

Plaintiff brought this action in state court for violation of California Labor Code §§ 226.7 and 512, and for violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. Plaintiff has moved to certify the following class:

> All current and former employees of [sic] who held the position of "Customer Service Representative" at Budget and Avis rental car locations between October 2, 2004 and the present who did not receive the rest breaks or meal periods on any given day during the Class Period pursuant to the applicable Cal. Lab. Code and Industrial Welfare Commission requirements and who were not compensated for each work day that a meal and rest break was not provided in accordance with California Labor Code section 226.7.

The parties fully briefed the motion, and the Court took it under submission on July 16, 2009.

There are many issues at play in this motion for class certification, but one fundamental issue could affect many others: whether Defendant, as an employer, is required under Cal. Labor Code §§ 226.7 and 512 and the related regulatory provisions to ensure its employees take their meal and rest breaks, or whether it merely needs to offer breaks to its employees.

Plaintiff is a former employee of Defendant who asserts that due to systematic understaffing, he was not allowed to take his meal and rest breaks and due to an inadequate computer payroll system, he was not reimbursed for his missed meal periods

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7397 AHM (AJWx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | THOMAS v. AVIS BUDGET GROUP LLC | | |

as required by Cal. Labor Code § 226.7.  He further alleges that these policies were uniform across all of Defendant's locations in California and that, therefore, class certification is warranted.  Defendant responds that scheduling is determined location-by-location—not on a statewide basis—and that individual issues such as decisions to waive a meal break will predominate over common questions at trial, so class certification is not appropriate.

Central to all of these claims and to the issue of whether common questions predominate over individual questions under Fed. R. Civ. P. 23(b)(3) is the question of whether an employer need merely make breaks available to its employees or instead that he actually ensure that they take them.  This issue is central to the determination of this motion because Defendant argues that a multiplicity of individual circumstances—most notably, particular employees' choices not to take a break on a given day— predominate over common issues, but if employers have a duty to ensure their employees actually take their breaks, this argument falls apart.

In *Cicairos*, the California Court of Appeal found that "the defendant's obligation to provide the plaintiffs with an adequate meal period is not satisfied by assuming that the meal periods were taken, because employers have 'an affirmative obligation to ensure that workers are actually relieved of all duty.'" *Cicairos v. Summit Logistics, Inc.*, 133 Cal. App. 4th 949, 962 (Ct. App. 2005) (quoting an opinion letter of the Division of Labor Standards Enforcement).  The district courts that have addressed this issue directly have limited the holding in *Cicairos*, finding that the quoted language is consistent with a duty merely to provide the right to take breaks, since the employer in *Cicairos* actively pressured its employees not to take breaks.[1]  *See, e.g.*, *Kenny v. Supercuts, Inc.*, 252 F.R.D. 641, 645 (N.D. Cal. 2008); *Brown v. Federal Express Corp.*, 249 F.R.D. 580, 586 (C.D. Cal. 2008); *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089 (N.D. Cal. 2007).  These courts have further held that an employer has no affirmative duty to ensure its employees take their breaks.  *Id.*

---

[1] Plaintiff cites to two district court decisions that purportedly follow *Cicairos*, but in neither case was the treatment of *Cicairos* part of the holding, and the cases are otherwise inapposite.  *See West v. Circle K Stores, Inc.*, 2006 WL 1652598 at *6 (June 13, 2006); *Perez v. Safety-Kleen Systems, Inc.*, 2007 WL 1848037 at *7-8 (June 27, 2007).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7397 AHM (AJWx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | THOMAS v. AVIS BUDGET GROUP LLC | | |

      The California Supreme Court has accepted for review the *Brinker Restaurant* case, in which the court is expected to answer the question of whether employers must ensure their employees take meal breaks under the applicable statutory and regulatory scheme. *Brinker Restaurant Corp. v. Superior Court*, 85 Cal. Rptr. 3d 688 (Cal. 2008). The trial court in *Brinker Restaurant* certified a class for claims under Cal. Labor Code § 226.7 and 512, finding that common questions predominated despite the employer's argument that it need not force employees to take breaks. *See Brinker Restaurant Corp. v. Superior Court*, 2007 WL 2965604 at *8, *17-19 (Ct. App. Oct. 12, 2007). It did not resolve what the legal requirement on this point actually is, however, and the Court of Appeal remanded the case for the trial court to answer the question of whether employers must ensure breaks are taken. 2007 WL 2965604 at *17-19. The Court of Appeal refused to find that *Cicairos* compelled it to acknowledge an affirmative duty of employers to ensure employees take their breaks. *Id.* at *18-19. Instead of the case proceeding on remand, however, the California Supreme Court granted review. 85 Cal. Rptr. 3d 688 (Cal. 2008). It appears as though the question of the scope of the employer's duty as to meal breaks under the California Labor Code and its regulations will be decided definitively by the highest authority—the California Supreme Court. If the court holds that there is a duty to ensure breaks are taken, then the main reason for Defendant's opposition to predominance of common issues will disappear.

      Thus, it makes sense for this Court to await the California Supreme Court's decision in *Brinker Restaurant* before making its own decision on this class certification motion. This temporary delay will save the parties and the Court unnecessary waste of time and expenses. Accordingly, the Court will continue to keep under submission this motion for class certification[2] pending the California Supreme Court's decision in *Brinker Restaurant Corp. v. Superior Court*. The parties are ORDERED to notify the Court within seven calendar days after such decision has been issued and at the same time and in the same document to provide a supplemental briefing not to exceed seven pages describing how the decision affects their position on the pending motion. The Court further ORDERS the parties to set forth their respective views as to whether or not all remaining proceedings in the case should also be stayed. They shall do so by September 3, 2009.

---

[2]Docket No. 19.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7397 AHM (AJWx) | Date | August 26, 2009 |
|---|---|---|---|
| Title | THOMAS v. AVIS BUDGET GROUP LLC | | |

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

: 

Initials of Preparer    se