UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID THOMAS, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AVIS BUDGET GROUP LLC, a California Limited Liability Company and Does 1 to 100 Inclusive,<br><br>Defendants. | Case No. 08-cv-07397 AHM (AJWx)<br><br>**PROTECTIVE ORDER** |

      Having considered the Stipulation For Protective Order submitted by Plaintiff DAVID THOMAS ("Plaintiff") and Defendant BUDGET RENT A CAR SYSTEM, INC. ("Defendant"), and good cause appearing, the Stipulation is HEREBY APPROVED AND SO ORDERED.

      1.    Good cause exists for the issuance of this Protective Order, in that the Parties seek to protect confidential or proprietary information that may be produced by the parties in response to discovery requests, including subpoenas for documents or testimony, as may be necessary during the above-entitled litigation.

      2.    Parties may designate all or portions of any document, thing,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

PROTECTIVE ORDER        Case No. 08-cv-07397 AHM (AJW)

1 material, testimony or other information derived therefrom as "CONFIDENTIAL"
2 under the terms of this Protective Order. Material designated as "CONFIDENTIAL"
3 under this Protective Order ("CONFIDENTIAL INFORMATION") may be used only
4 for the purpose of prosecution, defense, discovery, and/or mediation or settlement of
5 this action, and not for any other purpose. CONFIDENTIAL INFORMATION
6 includes but is not limited to: (a) confidential or sensitive proprietary, business,
7 commercial, trade secrets as defined by California Civil Code § 3426.1[1], and personal
8 information, (b) information about current, past, or prospective employees that is of a
9 confidential or private nature, and (c) Defendant's information about personnel
10 policies and procedures, training materials and other business information that could
11 injure Defendant if disseminated to the public or their competitors, such as operational
12 or transaction reports, productivity reports, payroll reports, company forms for
13 internal compliance with Defendant's standards, and other such internal forms or
14 reports. Each Party that designates items for protection under this Protective Order
15 must take care to limit any such designation to specific items that qualify under
16 standards as recognized by federal law. A designating Party must take care to
17 designate for protection only those parts of items that qualify, so that other portions
18 not CONFIDENTIAL for which protection is not warranted are not swept
19 unjustifiably within the ambit of this Order.

20     3.    CONFIDENTIAL INFORMATION shall be so designated by
21 marking or stamping copies of the document produced or testimony with the legend
22 "CONFIDENTIAL." Marking or stamping the legend "CONFIDENTIAL" on the
23 cover of any multi-page document shall designate all pages of the document as
24 CONFIDENTIAL INFORMATION, and marking or stamping on a label on any

---

[1] Cal. Civil Code § 3426.1 provides that "trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

PROTECTIVE ORDER          2.          Case No. 08-cv-07397 AHM (AJW)

electronic storage medium shall designate the contents of such electronic storage medium as CONFIDENTIAL INFORMATION. Whether or not any evidence or testimony is, in fact, designated as "CONFIDENTIAL" shall not be conclusive of whether it is lawfully entitled to protection as such; resolution of disputes regarding such designations shall be resolved as described in Paragraph 6(A), below. In addition, the failure to make such a designation shall not constitute a waiver to do so; in such an instance, the Party requesting to retroactively designate material as CONFIDENTIAL shall first seek an agreement of the receiving Party, and if no such agreement is reached, the producing Party may file an appropriate motion with the Court to seek such relief, also as described in Paragraph 6(A), below.

4. CONFIDENTIAL INFORMATION produced pursuant to this Order shall be disclosed, revealed, or disseminated only to the Court; the Court personnel or staff; named Parties; an officer, director, managing agent, in-house counsel, or employee of a named Party; and counsel of record for the named Parties, their associate attorneys, paralegals, secretaries and clerical staff. CONFIDENTIAL INFORMATION may also be disclosed to the following "QUALIFIED PERSON(S)":

(A) witnesses (other than named Parties, officers, directors, managing agents, in-house counsel, or employees of a Party, as described above);

(B) experts and consultants retained by counsel in the prosecution, defense, or settlement of this action;

(C) court reporter(s) employed in this action;

(D) deponents (other than named Parties, officers, directors, managing agents, in-house counsel, or employees of a Party, as described above); and

(E) any other person as to whom the Parties agree in writing.

CONFIDENTIAL INFORMATION disclosed to the preceding categories of QUALIFIED PERSON(S) shall be done so in accordance with the following procedures:

(1) before reviewing any CONFIDENTIAL INFORMATION or

PROTECTIVE ORDER   3.   Case No. 08-cv-07397 AHM (AJW)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1  being exposed to anything treated as CONFIDENTIAL, each QUALIFIED PERSON
2  shall execute the Non-Disclosure Agreement in the form of Attachment A hereto.
3  CONFIDENTIAL INFORMATION may then be duplicated and transmitted to such
4  persons identified herein as QUALIFIED PERSON(S).

5        (2)  Each such executed Non-Disclosure Agreement shall be
6  retained by counsel for the Party disclosing CONFIDENTIAL INFORMATION.
7  Such retained Non-Disclosure Agreements shall not be discoverable, except upon
8  order of the Court after a showing that disclosure of the Non-Disclosure Agreement is
9  necessary for good cause.  Privileges are not intended to be waived by this provision,
10 and are subject to consideration by the Court in any dispute regarding discoverability
11 of an executed Non-Disclosure Agreement.

12       5.  Testimony taken at a deposition may be designated as
13 CONFIDENTIAL INFORMATION by making a statement to that effect on the record
14 at the deposition, as to the specific testimony or items that are claimed to be
15 CONFIDENTIAL.  Arrangements shall be made with the deposition reporter taking
16 and transcribing information designated as CONFIDENTIAL to bind such portions of
17 the deposition transcript containing information designated as CONFIDENTIAL, and
18 to label such portions appropriately. Deposition testimony where any such information
19 has been designated as CONFIDENTIAL shall be conducted only before those
20 persons identified in Paragraph 4, above.  No person other than those persons
21 identified in Paragraph 4, above may attend that portion of a deposition, or read the
22 transcript of or the exhibits marked in any deposition taken in this case, where any
23 such information has been designated as CONFIDENTIAL.

24       6.  <u>Challenges and Changes to CONFIDENTIAL Designations</u>.

25       (A)  Notwithstanding the above, the Parties do not waive any
26 right to claim or challenge whether material designated or not designated as
27 CONFIDENTIAL INFORMATION is properly designated or not designated as such,
28 and do not waive any right to make such claim or challenge at any hearing, trial or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

PROTECTIVE ORDER      4.      Case No. 08-cv-07397 AHM (AJW)

other proceeding, whether such CONFIDENTIAL INFORMATION is, in fact, confidential. Information designated as CONFIDENTIAL INFORMATION will be presumed confidential and shall be subject to the limits on disclosure and dissemination set forth herein; however, any Party may object to the designation of material as CONFIDENTIAL, in which case the Party challenging such designation shall so notify the producing Party in writing, and the Parties shall meet and confer as to the status of the designation with respect to the information produced under the terms of this Protective Order. If, following notification by the challenging Party concerning its disagreement with the producing Party's designation of information, the Parties are unable to reach agreement, any Party to this Order may move the Court for a determination of the propriety of the designation; until the Court reaches a final determination, designated material will remain CONFIDENTIAL, but the burden of establishing the confidentiality of the designated material will remain with the producing Party. The Parties incorporate by reference Local Rule 37-1 and other local rules with regard to resolving discovery disputes, and they intend to abide by such rules.

    (B) The Court may also raise the issue of the designation of any information as CONFIDENTIAL by its own motion.

    (C) A designating Party may withdrawal its designation by written notification at any time.

    (D) CONFIDENTIAL INFORMATION derived, obtained or compiled from a non-Party or independent non-privileged source may not be designated as CONFIDENTIAL, nor does this Protective Order restrict any Party's ability to use or disclose information derived, obtained or compiled from a non-Party or independent non-privileged source; however, a Party may seek relief from the Court for CONFIDENTIAL designation of such material, bearing the burden of establishing such protection.

    7. In the event that the case proceeds to trial, the Parties understand

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

PROTECTIVE ORDER  5.  Case No. 08-cv-07397 AHM (AJW)

1  that this Court requires that all of the information that was designated as
2  CONFIDENTIAL and/or kept or maintained pursuant to the terms of this Protective
3  Order becomes public and will be presumptively available to the public, unless
4  sufficient cause is shown in advance of trial to proceed otherwise. However,
5  notwithstanding the above, when seeking to admit or introduce any CONFIDENTIAL
6  INFORMATION into the public record in this case, whether in writing or orally
7  (including the filing of papers which constitute or contain CONFIDENTIAL
8  INFORMATION, and including at the trial of this action), the Parties and their
9  attorneys will cooperate in good faith to seek appropriate rulings from the Court to
10 safeguard the confidentiality of CONFIDENTIAL INFORMATION to the extent
11 possible, whether by sealing orders or otherwise.  However, subject to public policy
12 and further Court Order, nothing shall be filed under seal and the Court shall not be
13 required to take any action, without separate prior order by the Judge before whom the
14 hearing or proceeding will take place, after application by the affected Party with
15 appropriate notice to the opposing Party.

16       8.   In the event that any CONFIDENTIAL INFORMATION is used
17 in any Court proceeding in this action, such CONFIDENTIAL INFORMATION shall
18 not lose its confidential status through such use, and the Party using such shall take all
19 reasonable steps to maintain its confidentiality during and after such use.

20       9.   The terms of this Protective Order shall survive the final
21 termination of this action, and shall be binding on the Parties and their counsel
22 thereafter.  CONFIDENTIAL INFORMATION retained after the conclusion of this
23 action shall be in accordance with the terms and conditions hereof.

24       10.  To the extent that any party believes that all or portions of any
25 document, thing, material, testimony or other information derived therefrom should be
26 subject to a higher level of confidentiality than set forth above, the party may file an
27 appropriate motion or application with the Court pursuant to F.R.C.P. Rule 26(c) to
28 limit the disclosure of said document, material, testimony or other information to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

PROTECTIVE ORDER                 6.                  Case No. 08-cv-07397 AHM (AJW)

"ATTORNEYS' EYES ONLY" or other limited individuals.

11.  By agreeing to this Protective Order, no party waives any rights it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation.  Similarly, no party waives any right to object on any ground to use in evidence any of the material covered by this Stipulation and Protective Order.

12.  This Protective Order is subject to modification by further Order of the Court.

IT IS SO ORDERED.

Dated:   June 21, 2012

_____
HONORABLE A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER                7.                Case No. 08-cv-07397 AHM (AJW)

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

# ATTACHMENT "A": NON-DISCLOSURE AGREEMENT

The undersigned hereby agrees that:

1. I have had the opportunity to review the Stipulation For Protective Order in this action.

2. I agree that I am a "QUALIFIED PERSON" as to set forth in the Protective Order.

3. As a QUALIFIED PERSON, I will not disclose any of the CONFIDENTIAL INFORMATION to any third person or entity not identified in the Protective Order, and further agree that my use of any CONFIDENTIAL INFORMATION shall only be for the prosecution, defense, discovery, mediation and/or settlement of this action, and not for any other purpose.

4. As a QUALIFIED PERSON, I further agree that on the termination or settlement of this action, I will surrender all CONFIDENTIAL INFORMATION which is in my possession, custody, or control to the Party or attorneys for the Party who provided it to me.

Dated: _____

_____
Printed Name

_____
Signature

Firmwide:90339913.1 035682.1042